HEIMAN ABRAHAMS AND ANOTHER, APPELLANTS, v. LOUISE FREY, RESPONDENT.

Submitted December 4, 1919—Decided February 13, 1920.

Where no statutory authority is shown, under which the cost of water furnished by a municipality to the owner of lands becomes a lien upon such lands, a future owner of the lands who pays such charges cannot claim that the existence of the unpaid charges is a breach of a covenant against encumbrances in the deed to him.

*94 N. J. L.*                    Abrahams v. Frey.

On appeal from the District Court of East Orange.

Before Justices SWAYZE and PARKER.

For the appellants, *David Lesnik.*

For the respondent, *John Trier.*

The opinion of the court was delivered by

SWAYZE, J. This is a suit on a covenant against encumbrances in a deed by defendant to plaintiffs of October 27th, 1904. The alleged encumbrance is a supposed lien for water supplied by the city of Newark. The water was not supplied in the ordinary way by contract between the city and the consumer, but was unlawfully abstracted by someone not identified, by means of a branch pipe through which the water was passed around the meter and not registered. The theft was not discovered until 1918. The then owners thereupon settled with the city for the water supposed to have been taken from 1899 when the meter was installed to 1918. The owner claims of the defendant a proportion of the amount he has paid on the theory that it was a lien in 1904.

We think the claim cannot prevail. It is enough to say that none of the statutes to which we are referred is applicable. The nearest approach to statutory authority is contained in the Water act of 1876 and the supplement of 1879. *Comp. Stat., pp.* 823, 827, *pl.* 868; *p.* 831, *pl.* 877. But there is nothing to suggest that this act was ever adopted by Newark as section 16 (*Comp. Stat., p.* 830, *pl.* 874) requires, and it was repealed in 1917 (*Pamph. L.* 1917, *pp.* 607, 608) before the discovery of the theft, and, necessarily before the amount of the charge could be "fixed," to use the language of the act. Obviously, the act of 1918 cannot justify a lien for water consumed in and prior to 1904, even if by the terms it authorized a lien where there was no contract for a supply, no authority from the owner, and no price or rent fixed. *Pamph. L.* 1918, *p.* 336; *Ford Motor Co.* v. *Kearny,* 91 *N. J. L.* 671.

We think the trial judge was right and the judgment for the defendant is affirmed, with costs.